In re Jeffrey Curtis HANDSHAW, Debtor.

Bankruptcy No. 95–7937–9P7.

United States Bankruptcy Court,
M.D. Florida,
Ft. Myers Division.

July 18, 1996.

Debra P. Brent, Naples, FL, for Jeffrey Handshaw.

Alan P. Woodruff, Seattle, Washington, for Trustee.

Stephany Carr, Naples, FL, Trustee.

## ORDER ON MOTIONS FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 liquidation case and the matters under consideration are two Motions for Summary Judgment, one filed by Stephany S. Carr (Trustee) and the Cross–Motion filed by Jeffrey Curtis Handshaw (Debtor). Both Motions for Summary Judgment are filed in a contested matter arising from the Trustee's Objection to the Claim of Exemption by the Debtor of funds in a Deferred Compensation Plan. The Debtor's interest in this Plan was originally claimed as exempt pursuant to section § 222.21(2), Florida Statutes (1992). However, in response to the Trustee's Objection, the Debtor amended his claim of exemption to one based on Section 112.215(10)(a), Florida Statutes (1993).

On November 29, 1995, the Debtor filed an Amended Schedule C reflecting this change.

The basic uncontested facts as appear from the record are as follows. On August 8, 1995, the Debtor filed his Voluntary Petition for Relief under Chapter 7. In his original Schedule C, the Debtor claimed as exempt his interest in the plan, which is entitled "National Association of Counties Deferred Compensation Program" (NACo Plan), and is maintained pursuant to the provisions of section 457 of the Internal Revenue Code. The NACo Plan was adopted by an Ordinance of Collier County which added the International City Management Association Retirement Corporation Program as a deferred compensation program for county employees. The NACo Plan is part of a program established by the National Association of Counties and is administered by the Public Employees Benefit Services Corporation (PEBSCO). Collier County is a participating member of the National Association of Counties. The NACo Plan was adopted by the Board of County Commissioners of Collier County, Florida, as part of the establishment of the Collier County, Florida Deferred Compensation Plan for the voluntary participation of all eligible employees of Collier County, Florida.

This case is complicated by the fact that there are actually two different Plans requires consideration: (1) the Collier County, Florida Deferred Compensation Plan and (2) the NACo Plan. It is not disputed that the Collier County, Florida, Deferred Compensation Plan, as adopted by the Collier County Board of Commissioners, is a governmental plan within the meaning of the Employee Retirement Income Security Act (ERISA) and is therefore exempt from ERISA under the governmental plan exemption. The complication arises in that, although the NACO Plan was adopted by Collier County, this adoptive provision does not end the inquiry as to whether the NACo Plan is a governmental plan because the NACo Plan was not itself established by the governmental entity, that is by Collier County.

The Debtor's account in the NACo Plan is funded with voluntary payroll deductions. No contributions are made to Debtor's account by Collier County. In fact, the Ordinance adopting the Collier County, Florida, Deferred Compensation Program specifically provides that the program is "entered into with the understanding that, other than incidental expenses of collecting and disbursing of employee's deferrals and other minor administration expenses, there will be no cost or contribution by the County."

On the date of filing Debtor's Petition, the balance of the Debtor's account in the NACo Plan was $14,657.30. The Debtor has, at all times material, made contributions to the NACo Plan in the amount of $25.00 per bi-weekly pay period and continues to make such contributions. The Debtor is entitled to a distribution of his entire interest in the NACo Plan upon termination or retirement, at any age and for any reason, or for an "unforeseeable emergency."

█ The initial attack of the Trustee on the amended claim of exemption is procedural, based on the contention that the Debtor may not assert a new basis for an exemption, that is § 112.215(10) Fla.Stat. (1993), which was not asserted initially on the original Schedule C. The proposition urged by the Trustee is without merit for the following reasons. First, F.R.B.P. 1009 expressly permits schedules to be amended "by the debtor as a matter of course at any time before the case is closed." Second, absent a finding that the Debtor acted in bad faith or otherwise prejudiced a creditor's litigating posture because of some detrimental reliance on the debtor's initial position, the amendment should not be denied. See generally, Doan v. Hudgins, 672 F.2d 831, 833 (11th Cir.1982); Rigby v. Hall, 1 F.3d 853 (9th Cir.1993); and Stinson v. Williamson, 804 F.2d 1355 (5th Cir.1986). That is so because denying the debtor the opportunity to amend would be unjust and unfair. See, e.g., Osborn v. Durant Bank & Trust Company, 24 F.3d 1199 (10th Cir.1994) (citing In re Brown, 56 B.R. 954, 957–58 (Bankr.E.D.Mich.1986) and Doan supra ).

█ In addition to the foregoing, the Trustee also contends that the Debtor is not entitled to the claimed exemption as a matter of law under Section 222.21(2)(a), Florida

Statutes (1992). This Statute provides in relevant part:

"any money or other assets payable to a participant or beneficiary from, or any interest of any participant or beneficiary in a retirement or profit-sharing plan that is qualified under s. 401(a), s. 403(a), s. 403(b), s. 408 or s. 409 of the Internal Revenue Code, as amended, is exempt from the claims of creditors of the participant or beneficiary."

However, here the problem arises because Internal Revenue Code § 457, the provision of the Internal Revenue Code under which the NACo Plan is qualified, is not one of the Sections of the Internal Revenue Code identified in Section 222.21(2)(a). Therefore, this Court is satisfied that the NACo Plan is not properly claimed as exempt under Fla.Stat. 222.21(a).

■ This leaves for consideration the Trustee's final argument based on the proposition that Section 112.215(10)(a) of the Florida Statutes is preempted by ERISA which preempts any state law relating to an employee benefit plan that is otherwise subject to any provision of ERISA. To decide this argument, one must first determine if the NACo plan is subject to ERISA. Specifically, ERISA § 3(2)(A), 29 U.S.C. § 1002(2)(A), defines a pension plan to mean:

"[A]ny plan, fund, or program which was heretofore or is hereafter *established or maintained by an employer or by an employee organization, or by both,* to the extent that by its express terms or as a result of surrounding circumstances such plan, fund, or program [that] ... (ii) results in the deferral of income by employees for periods extending to the termination of covered employment regardless of the means of calculating the benefits under the plan or the means of distributing benefits from the plan."

(emphasis supplied). The above phrase "established or maintained by an employer or by an employee organization" is the pertinent part of the Statute in the present instance. It is without dispute that Collier County did not, "establish or maintain" the NACo Plan, and the NACo Deferred Compensation Plan was established by an entity other than Collier County, e.g., the National Association of Counties of which Collier County is a participating member.

In *Donovan v. Dillingham,* 688 F.2d 1367 (11th Cir.1982), the Eleventh Circuit held an employer may be deemed to have "established or maintained" its own ERISA plan by participating in a multiple employer trust, which is not in itself an employer benefit plan within ERISA. 688 F.2d 1367 (11th Cir. 1982). Although *Donovan* dealt specifically with a multiple employer insurance trust within the "employee welfare benefit plan" aspect of ERISA, the Court's analogy in that case is relevant to the present case in establishing that an employer has "established or maintained" a benefit plan under ERISA. See *Ballay III v. General American Life Insurance Co.,* 1990 WL 124255 (E.D.La. Aug. 2, 1990) (citing *Donovan* and emphasizing that "although multiple employer trusts are not in themselves employer benefit plans within ERISA, an employer's participation in a multiple employer trust can constitute the establishment of an employer benefit plan.")

ERISA defines the term "employer" to mean "[a]ny person acting directly as an employer, or indirectly in the interests of an employer, in relation to an employee benefit plan; and *includes a group or association of employers acting for an employer in such a capacity."* 29 U.S.C.A. § 1002(5) (emphasis supplied). In the present case, the National Association of Counties meets the ERISA definition for "employer" as defined above. The National Association of Counties is a group of employers acting indirectly in the interest of an employer, in this case Collier County. However, this does not end the inquiry into the status of the NACo Plan.

■ Not all "employee benefit plans" which meet the definition for ERISA are in fact governed by ERISA. ERISA does not apply to "any employee benefit plan if ... such plan is a governmental plan (as defined in section 1002(32)....)" 29 U.S.C.A. § 1003(b)(1). Accordingly, the term "governmental plan" means

[a] plan established or maintained for its employees by the Government of the United States, by the government of any State

or political subdivision thereof, or by any agency or instrumentality of any of the foregoing.

29 U.S.C.A. § 1002(32). The National Association of Counties is not itself a governmental entity of the United States or political subdivision thereof.

This Court has concluded that the NACo PLAN is subject to ERISA because it is not within the exceptions set forth in 29 U.S.C.A. § 1003(b)(1)—not being a Plan established or maintained by the government of any State, or political subdivision of same. It is the Debtor's contention that his interest in the NACo Plan is exempt property pursuant to Section 112.215(10)(b)(1), Florida Statutes (1993). However, as the Trustee has correctly stated, ERISA supersedes "[a]ny and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . ." that is otherwise subject to ERISA. 29 U.S.C.A. § 1144(a). *See Mackey v. Lanier Collection Agency & Service, Inc.,* 486 U.S. 825, 108 S.Ct. 2182, 100 L.Ed.2d 836 (1988). In sum, this Court is satisfied that the Debtor's interest in the NACo Deferred Compensation Program is subject to ERISA, and is not eligible for a "governmental entity" exemption, and is therefore subject to administration by the Trustee.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment filed by Stephany S. Carr be, and the same is hereby, granted. It is further

ORDERED, ADJUDGED AND DECREED that the Cross–Motion for Summary Judgment filed by Jeffrey Curtis Handshaw be, and the same is hereby, denied.

A separate Final Judgement will be entered in accordance with the above.

DONE AND ORDERED.