**In re Roger Lee TURNER, Debtor.**

No. 00–07920–9P7.

United States Bankruptcy Court,
M.D. Florida,
Ft. Myers Division.

March 30, 2001.

William T. Shaffer, Law Firm of Bill Shaffer & Assoc., Fort Myers, FL, for debtor.

Diane L. Jensen, Fort Myers, FL, Chapter 7 Trustee.

### *FINAL ORDER ON TRUSTEE'S OBJECTION TO CLAIM OF EXEMPTION*

ALEXANDER L. PASKAY, Bankruptcy Judge.

THE MATTER under consideration in this Chapter 7 case filed by Roger Lee Turner (Debtor) is an Objection to a Claim of Exemption of the Debtor's interest in a Deferred Compensation Account. Diane Jensen (Trustee) challenged the exemption on the basis that the exemption is not allowable pursuant to Florida Statutes §§ 222.21(2), 222.201 or 122.15.

In due course, counsel for Debtor filed a response to the Trustee's Objection and his response stated simply, "Debtor objects to Trustee's Objection to Exemptions." (sic) On January 9, 2001, this Court deferred ruling on Trustee's Objection to Claim of Exemption and ordered Debtor to submit to the Court a copy of the Deferred Compensation Plan within 30 days from the date of the entry of that order so that this Court may determine whether or not the Deferred Compensation Account qualifies under ERISA. The aforementioned Plan was timely received. With the heading, "National Association of Counties Deferred Compensation Program," the Plan is titled, "The Deferred Compensation Plan for Public Employees, Restated Plan Document." (Deferred Compensation Plan or Plan). This Court has considered this document along with the entire record and finds as follows.

The claim of exemption of the Debtor, as noted, is based on Fla.Stat. §§ 222.21(2), 222.201 and 122.15. Section 222.21(2) pro-vides that any money or other assets payable to a participant or beneficiary from, or any interest of any participant or beneficiary in, a retirement or profit-sharing plan that is qualified under § 401(a), § 403(a), § 403(b), § 408, § 408(A), or § 409 of the Internal Revenue Code of 1986 as amended, is exempt from all claims of creditors of the beneficiary or participant. Fl.Stat. § 222.21(2).

There is no question that even a cursory reading of the Plan submitted leaves no doubt that the Plan is not an ERISA qualified Plan at all but established pursuant to Section 457(g) of the Internal Revenue Code. 26 U.S.C.A. § 457(g). *See* Article VII, Section 7.04 of the Deferred Compensation Plan provided by Debtor, and Article X, Section 10.07 of same. Thus, it is evident that the reliance to support the claim of exemption under Fla.Stat. 222.21(2) is misplaced.

The Debtor's reliance on Fla.Stat. 222.201 is equally misplaced. Section 222.201 provides that notwithstanding the fact that Florida opted out from the federal exemptions, citizens of Florida are entitled to claim a special federal exemption set forth in § 522(d)(10) of the Bankruptcy Code. This exemption deals with the Debtor's right to receive a social security benefit, unemployment compensation, or a local public assistance benefit. It also deals with a debtor's interest in a stock bonus, pension, profit sharing, annuity, or similar plan or contract on the account of illness, disability, death, age or length of service, to the extent it is reasonably necessary for the support of a debtor and dependent of the debtor.

This Plan under consideration certainly would not fit in any of the specifics set forth in this exemption; therefore, the claim of exemption based on this Statute equally cannot be recognized.

This leaves for consideration the Debtor's reliance on Fla. Stat. § 122.15 which exempts pensions, annuities or other benefits accrued or accruing to any person under the provisions of the State and County retirement system.

This Court had an occasion to consider the allowance of the exemption based on the Florida statutes in *In re Handshaw*, 198 B.R. 633 (Bankr.M.D.Fla.1996). The Trustee, in support of her Objection, cites the decision of this Court in *Handshaw*. The exemption in *Handshaw* was also claimed under Fla.Stat. § 222.21(2), as well as § 112.215(10)(a). In *Handshaw*, this Court concluded that the State statute which exempted county employees' Deferred Compensation Program from legal process by the creditors of the employee was pre-empted by the Employee Retirement Income Security Act of 1974 (ERISA). However, the plan in *Handshaw* did not qualify as an ERISA plan because it was established by the National Association of Counties, of which Collier County was a participating member, which was not a governmental entity of the United States or an appointed subdivision thereof.

The Plan in *Handshaw*, just as in the present instance, was a Plan established by the National Association of Counties described as a deferred compensation program and the Plan was maintained pursuant to Section 457(g) of the Internal Revenue Code (26 U.S.C. § 457(g)). In attempting to distinguish the instant matter from the holding of this Court in *Handshaw*, the Debtor relies on Section 7.04 of the Plan involved here, which provides the following:

> All assets of the PLAN, including all deferred amounts, property and rights purchased with deferred amounts, and all income attributable to such deferred amounts, property or rights, shall (until

made available to the PARTICIPANT or BENEFICIARY) be held in a trust, custodial account or annuity contract described in IRC Section 457(g) for the exclusive benefit of the PARTICIPANTS and their BENEFICIARIES.

It is evident that this provision would not save the claimed exemption because on its face it clearly indicates that this Plan was established pursuant to IRC § 457(g) which, just like in *Handshaw*, makes this Plan a non-ERISA qualified plan and, in turn, cannot be excepted under Florida Statutes § 222.21.

There is no question that this Plan was not an ERISA qualified Plan since the Florida Statute exempts only interests of any participant or beneficiary in a retirement profit sharing plan which is qualified under ERISA. For this reason it is clear that the Plan, which is established pursuant to the Internal Revenue Code § 457(g), is not an ERISA qualified plan. Therefore, the Trustee's objection to the claim shall be sustained and the funds held in the Deferred Compensation Plan as of the date of the commencement of the case are properties of the estate and subject to administration by the Trustee.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Trustee's Objection to Claim of Exemption be, and the same is hereby, sustained. It is further,

ORDERED, ADJUDGED AND DECREED that the funds held in the Deferred Compensation Plan as of the date of the commencement of the case are properties of the estate and subject to administration by the Trustee.