In re SUTTON, F. David, Debtor.

No. 01–04863–9P7.

United States Bankruptcy Court, M.D. Florida, Ft. Myers Division.

Jan. 23, 2002.

Herbert A. Fried, Fried & Fried, Ft. Myers, FL, for debtor.

Thomas S. Heidkamp, Ft. Myers, FL, Chapter 7 Trustee.

Michael P. Brundage, Hill, Ward & Henderson, P.A., Tampa, FL, for trustee.

## ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SUMMARY JUDGMENT

(Doc. No. 26a)

ALEXANDER L. PASKAY, Chief Judge.

The matter under consideration in this Chapter 7 case is a Motion for Summary Judgment, filed by Thomas Heidkamp, the duly appointed chapter 7 trustee (Trustee) of the estate of F. David Sutton (Debtor). The controversy under consideration involves a challenge to the Debtor's claim of exemption. According to the Trustee, there are no genuine issues of material facts and based on same, the Trustee is entitled to a judgment sustaining the Trustee's Objection to the Debtor's claim of exemption. The following facts, as appear from the record relevant to the issues raised by the Objection, are indeed without dispute and can be summarized as follows:

On March 22, 2001, the Debtor filed his voluntary Petition for relief under Chapter 7 of the Bankruptcy Code. The Petition was accompanied by all documents required pursuant to F.R.B.P. 1007, including the Schedule C. After the conclusion of the Section 341 Meeting of Creditors, on May 11, 2001, the Debtor filed his first Amendment to Schedule C. On May 24, 2001, the Trustee filed his first Trustee's Objection to Claim of Exemptions, and objected to "all property listed on Schedule C." On June 6, 2001, the Debtor filed a Response to the Objection.

On July 13, 2001, the Debtor filed his second Amendment to Schedule C–Property Claimed as Exempt. Thereafter, on July 30, 2001, the Trustee filed his second Trustee's Objection to Amended Claim of Exemption (Objection). In the Objection,

the Trustee again objected to "all property listed on Schedule C."

The second Amendment to Schedule C sets forth the items that the Debtor claims as exempt, together with his monetary interest in the same, and are as follows:

1. Homestead
   Debtor interest: $49,520.00

2. AmSouth—checking account
   Debtor interest: $7.50

3. E–Trade account
   Debtor interest: $8.35

4. IRA
   Debtor interest: $27,219.62

5. Mens clothing
   Debtor interest: $100.00

6. Household goods
   Debtor interest: $702.50

7. Retirement with Charles Schwab—Keogh plan
   Debtor interest: $48,221.26

8. Watch
   Debtor interest: $10.00

In addition to the foregoing, the Debtor also listed on his Schedule B, a 1989 Buick LeSabre with a current market value of $1,800. Lastly, on October 9, 2001, the Debtor again filed Debtor's Amendment to Schedule C, which merely added additional basis for his claim of exemption regarding the KEOGH Plan and IRA.

The Trustee challenges the personal property exemption limits, including the Debtor's automobile, on the grounds that the Debtor's interest in these properties exceeds the constitutional and statutory cap of $1,000. It appears from the record that the Trustee also challenges the Debtor's right to claim as exempt his interest in the KEOGH Plan (Plan) and in the Individual Retirement Account (IRA). According to the Amended Schedules, the value of the Plan was $48,221.26 and the Debtor's interest in the IRA was $27,219.62, as of the date of the filing of the Petition. However, according to the Trustee's affidavit, filed in support of his Motion for Summary Judgment, the value

of the KEOGH Plan was $47,727.86. This amount is supported by a copy of the Charles Schwab statement period from January 1, 2001 to March 31, 2001 (Exh. 2 to the Trustee's Affidavit).

It further appears that during the relevant period, the Debtor was the owner and operator of a real estate firm, as a sole proprietor; and with respect to the KEOGH Plan, what is usually described as a self-settled plan, he was the only participant in the Plan. The Debtor is the sole employer and employee under the Plan; he is not only the administrator of the Plan, but also the sole beneficiary of the Plan. The KEOGH Plan is a "prototype" plan designed by Charles Schwab, where Charles Schwab is the custodian of the Plan assets. An opinion letter by the Internal Revenue Service (IRS) to Charles Schwab addressed the Plan, and indicated that it is acceptable under Section 401 of the Internal Revenue Code (IRS Code). The letter, issued on October 1, 1986, states:

the form of the plan identified above is acceptable under section 401 of the Internal Revenue Code for use by employers for the benefit of their employees. This opinion relates only to the acceptability of the form of the plan under the Internal Revenue Code. It is not an opinion of the effect of other Federal or local statutes.

The balance of the opinion letter sets forth several disclaimers as to the legal effect on whether the "employer's plan" qualifies under Section 401(a) of the IRS Code. The letter further disclaims whether or not it will qualify even if the employer complies with the terms of the plan.

The Debtor is a 66 year old man and is entitled to payment under the KEOGH Plan. The Plan Administrator's Handbook sets forth a detailed description of the responsibilities of the "Plan Administra-

tor." These responsibilities include, among others, to interpret the plan and make decisions concerning eligibility, vesting, and distribution. The Handbook assists the Plan Administrator with enrolling employees, making contributions, processing distributions, and otherwise administering the plan.

The Handbook also includes a section entitled "Questions & Answers for Employees." In response to the question, "who is eligible to participate in the Plan," the answer given is "everyone working for an employer is eligible to participate." In response to the question, "can I make contribution to the Plan myself," the answer is "no. The plan is funded only by contributions from employer."

These are the undisputed facts that the Trustee relies upon for his contention that the Plan assets are not excluded from the estate pursuant to 11 U.S.C. § 541(c)(2), as this clause is interpreted by the Supreme Court in *Patterson v. Shumate*, 504 U.S. 753, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992), and are thus subject to administration by the Trustee because it cannot be claimed as exempt under any of the enumerated exemptions set forth in Chapter 222 of the Florida Statutes.

■ The threshold question to the issue at hand is whether the Debtor's interest in the Plan is property of the estate. Section 541 of the Bankruptcy Code governs the classification of property of the estate. Notwithstanding the broad definition of the term "property of the estate" in Section 541(a)(1), Section 541(c)(2) specifically excludes from the estate a beneficial interest in a trust, which the debtor is restricted from transferring under applicable non-bankruptcy law. In the case of *In re Harris*, 188 B.R. 444 (Bankr.M.D.Fla. 1995), this Court considered whether or not a plan was a qualified ERISA Plan,

and held that the elements for this determination are as follows:

1. A plan assets may not inure to the benefit of any employer and shall be held for the exclusive purpose of providing benefits to participants to the plan. 29 U.S.C. § 1103(c)(1); and

2. A participant is any employee ... who is or may become eligible to receive a benefit from an employee benefit plan. 29 U.S.C. § 1002(7).

The term "employee benefit plan" shall not include any plan under which no employees are participants covered under the plan, and that an individual and his or her spouse shall not be deemed to be employees with respect to a trade or business, whether incorporated or unincorporated, which is wholly owned by the individual or the individual and his or her spouse. 29 C.R.F. § 2510.3–3. *Harris, supra* at p. 450. In this case, this Court concluded that before a Plan is qualified ERISA, it may not inure to the benefit of an employer and the participant must be an *employee* (emphasis supplied). *See also In re Fernandez*, 236 B.R. 483 (Bankr.M.D.Fla. 1999); *In re Banderas,* 236 B.R. 837 (Bankr.M.D.Fla.1998). In the case at hand, the Debtor is the sole owner and operator of his real estate firm, he is the sole beneficiary of the Plan and he is the sole administrator of the Plan. There are no other beneficiaries, no other administrators, and he is not an employee. This Court is satisfied that based on the record and applying the foregoing principles, the Debtor's interest in the Plan is not excluded from his estate by virtue of Section 541(c)(2). This leaves for consideration whether or not the Debtor may exempt his interest in the Plan pursuant to any of the exemptions set forth in Chapter 222 of the Florida Statutes.

Fla. Stat. § 222.21 provides as follows:

(2)(a) Except as provided in paragraph (b), any money, or other assets payable to a participant or beneficiary from, or any interest of any participant or beneficiary in, a retirement or profit sharing plan that is qualified under § 401(a) . . . of the Internal Revenue Code of 1986, as amended, is exempt from all clam o creditors of the beneficiary or participant.

It is apparent that the exemption under this Statute is limited to monies or assets that are qualified under ERISA and applicable provisions of the IRS Code. Having concluded that the Plan is not excluded from the estate of the Debtor by virtue of Section 541(c)(2), the Debtor cannot rely on this section of the Statute to exempt his interest in the Plan. This leaves for consideration the claim of exemption based on Fla. Stat. § 222.201.

Section 522(b)(1) of the Bankruptcy Code authorizes States to opt-out of the federal exemptions set forth in Section 522(d) of the Bankruptcy Code. Florida opted-out of Section 522 by enacting Fla. Stat. § 222.20, prohibiting citizens of Florida from claiming as exempt any property listed in Section 522(d) of the Bankruptcy Code, however, Fla. Stat. § 220.20 specifically permits exemptions given to residents of the State of Florida by the Constitution and Florida Statutes. The Florida Legislature enacted Fla. Stat. § 222.201(1), that states "[n]otwithstanding s. 222.20, an individual debtor under the federal Bankruptcy Reform Act of 1978 may exempt, in addition to any other exemptions allowed under state law, any property listed in subsection (d)(10) of s. 522 of that act."

Section 522(d)(10) of the Bankruptcy Code provides in pertinent part as follows:

(d) the following property may be exempted under subsection (b)(1) of this section:

(10) The debtor's right to receive—

(E) a payment under a stock bonus, pension, profitsharing, annuity, or similar plan . . . to the extent reasonably necessary for the support of the debtor and any dependent of the debtor, unless—

(i) such plan or contract was established by or under the auspices of an insider that employed the debtor the time the debtor's rights under such plan or contract arose;

(ii) such payment is on account of age or length of service; and

(iii) such plan or contract does not qualify under section 401(a) . . . of the Internal Revenue Code of 1986.

A review of the legal requirements of Section 522(d)(10)(E) reveal that regardless, the Plan does not qualify as exempt property for several reasons. First, the Plan was established by and under the auspices of an insider that employed the Debtor, i.e., himself. Second, the Debtor admits that payment is on account of age, he is 66 years and entitled to right to payment. Lastly, the Plan does not qualify under applicable provisions of the IRS Code.

Based upon the foregoing, this Court is satisfied that there are no genuine issues of material fact and the Trustee is entitled to a final judgment in his favor with respect to the Plan. This leaves for consideration the exemption of the IRA in the amount of $27,219.62, as well as the objection to the personal property limits of the Debtor.

The Motion for Summary Judgment does not address either the IRA or the personal property exemptions. Based upon the record, this Court does not have sufficient facts to determine whether or

not the Objection should be sustained or overruled regarding these items.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Motion for Summary Judgment be, and the same is hereby, granted in part and denied in part. The Keogh Plan is not property of the estate pursuant to 11 U.S.C. § 541(a)(1). There-fore, the Objection by the Trustee is sus-tained with respect to the KEOGH Plan. The Debtor is directed to turnover to the Trustee the KEOGH Plan in the amount of $47,727.86 for administration by the Trust-ee. It is further

ORDERED, ADJUDGED AND DE-CREED that the balance of the Objection filed by the Trustee, with respect to the IRA and personal property exemptions be, and the same is hereby, set for pre-trial conference to be held on February 22, 2002, beginning at 8:30 a.m. at the United States Bankruptcy Courthouse, Fort Myers, Federal Building and Federal Courthouse, Room 4–117, Courtroom D, 2110 First Street, Fort Myers, Florida. It is further

ORDERED, ADJUDGED AND DE-CREED that a separate final judgment shall be entered in accordance with the foregoing.