**In re Joseph Vincent MADIA and Judy Denise Crusco–Madia, Debtors.**

**No. 02–01443–9P7.**

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

Feb. 14, 2003.

**178**

Carmen Dellutri, The Dellutri Law Group, Ft. Myers, FL, for debtors.

Thomas S. Heidkamp, Ft. Myers, FL, trustee.

### AMENDED ORDER ON (1) MOTION FOR PARTIAL SUMMARY JUDGMENT ON TRUSTEE'S OBJECTION TO CLAIM OF EXEMPTION AND (2) TRUSTEE'S AMENDED OBJECTION TO CLAIM OF EXEMPTION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 liquidation case and the matters under consideration are (1) Trustee's Amended Objection to Claim of Exemption (Amended Objection), filed by Thomas S. Heidkamp, the duly appointed Chapter 7 Trustee (Trustee) of the estate of Joseph Vincent Madia and Judy Denise Crusco–Madia (Debtors) and (2) Motion for Partial Summary Judgment on Trustee's Objection to Claim of Exemption (Summary Judgment Motion). Due to the less than clear presentation of the issues raised by the Trustee, a brief recap of the relevant part of the procedural history of this Chapter 7 case should be helpful.

The Debtors filed for their Petition on January 25, 2002. In the original Schedules, filed by the Debtors, the Debtors claimed on Schedule "C," in addition to several personal property items, a leased automobile and their interest in the following pension and profit sharing plans: (1) a Deferred Compensation Plan for Employ-ees of the City of New York and Related Agencies and Instrumentalities (457 Plan), in the amount of $49,370.40; (2) a "City of New York Pension" (N.Y. Plan), in the amount of $50,988.27; and (3) an IRA Account, in the amount of $16,062. All were claimed under Fla. Stat. § 222.21(2) and U.S.C. § 522(d)(10)(E).

On March 12, 2002, the Trustee filed an Objection to the Debtors' Claim of Exemption. The Trustee's Objection was based on the allegation that the same exceeded the statutory exemption allowed and that the Trustee disputed the valuation of the properties claimed as exempt [sic], including the leased automobile. In paragraph 4, the Trustee challenged the Debtors' entitlement to claim as exempt their interest in the IRA Account, the 457 Plan and the N.Y. Plan because the Debtors had failed to produce sufficient documentation to determine the Debtors' claimed entitlement. On May 20, 2002, this Court entered an Order and sustained the Trustee's Objection in part and scheduled for pre-trial conference the balance of the exemption claim, which remained unresolved.

On October 2, 2002, the Trustee filed his Summary Judgment Motion. In the Motion, the Trustee challenged only the Debtors' entitlement to claim his interest in the 457 Plan. In support of the Motion, the Trustee attached as an exhibit to the Motion a copy of the 457 Plan. It is the Trustee's contention that there are no genuine issues of material facts and based on the same, he is entitled to a judgment as a matter of law sustaining his objection regarding the 457 Plan and ordering the Debtors to turn over to the Trustee the amount of the Debtors' interest in the 457 Plan as of the date of the commencement of the case.

On October 7, 2002, the Debtors filed an Amended Schedule "C," which basically

was the same as the original. On October 17, 2002, the Trustee filed the Amended Objection directed to the Debtors' Amended Schedule "C." In his Amended Objection, the Trustee reiterated his previously voiced challenge of the Debtors' valuation of their personal properties claimed and contended that the amount is in excess of the cap placed by the Constitution of this State of exemption claims involving personal property. The Trustee also challenged the Debtors' exemption claim of their interest in the IRA Account and the 457 Plan, contending that the Debtors failed to furnish sufficient documentation to determine "whether the Debtors are entitled to an exemption in the plans" [sic]. Notwithstanding this somewhat convoluted procedural history leading up to the Trustee's Motion, it is clear that the only issue before this Court, at the present, is the Trustee's challenge of the Debtors' right to claim their interest in the 457 Plan and not their interest in either the IRA Account or the N.Y. Plan.

The basis of the exemption is Fla. Stat. 222.21(2)(a) which provides as follows:

Any money or other assets payable to a participant or beneficiary from, or any interest of any participant or beneficiary in, a retirement or profit sharing plan that is qualified under s. 401(a), s. 403(a), s. 403(b), s. 408, s. 408A or s. 409 of the Internal Revenue Code of 1986, as amended, is exempt from all claims of creditors of the beneficiary or participant.

According to the copy of the 457 Plan, it is clear and it is without dispute that this is not a plan established pursuant to any provisions of ERISA, Keogh, or any other qualified profit sharing plan, but was administered by and established pursuant to Section 457 of the Internal Revenue Code (IRC).

This Court had an opportunity to consider a similar issue in the case of *In re Handshaw*, 198 B.R. 633 (Bankr.M.D.Fla. 1996) and in the more recent case of *In re Sutton*, 272 B.R. 802 (Bankr.M.D.Fla.2002) and *In re Turner*, 261 B.R. 767 (Bankr. M.D.Fla.2001). Those cases held that a deferred compensation plan is not property of the estate by virtue of Section 541(c)(2) of the Code because it has an anti-alienation clause, thus, it is covered by the Supreme Court decision of *Patterson v. Shumate*, 504 U.S. 753, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992). In the alternative, the Debtor also contends that he is entitled to rely on 11 U.S.C. § 522(d)(10)(E). This newly established federal exemption exempts any payment to a Debtor under a stock bonus, pension, profit sharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service to the extent reasonable and necessary for the support of a debtor and any dependent of a Debtor.

 Although Florida is an "opt-out" state, the Florida legislature through Fla. Stat. § 222.201 specifically opts the state back in with respect to exemptions pursuant to Section 552(d)(10) of the Code. Even with this opt-in provision, it is clear that the plain language of this Section of the Code leaves no doubt that it fails to support the Debtors' claim based on Section 522(d)(10) of the Code. The non-availability of this exemption to the Debtors is evident for the simple reason that the deferred compensation is not payable to him on account of any of the bases set forth in this Section. Moreover, the Section provides that if such plan does not qualify under Section 501(a), 403(a) or 403(b) or 408 of the IRC of 1986, a debtor cannot exempt it. The 457 Plan clearly is not an ERISA qualified plan nor is it a qualified plan under any of the other sections of the IRC,

even if one assumes that the Debtors' right to payment under the deferred compensation plan involved here would be payable on account of any of the events described in this Section.

There is no question that the relevant facts, which govern this controversy, are indeed without dispute. This Court is satisfied that the Trustee's position is correct and the claim of exemption cannot be allowed because the 457 Plan leaves no doubt that the deferred compensation plan is not an ERISA qualified plan that is established pursuant to the plan itself under Section 457 of the IRC. Since any claim of exemption under Fla. Stat. 222.21 must be ERISA qualified, the claim of exemption of the Debtors must fail.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Motion for Partial Summary Judgment on Trustee's Objection to Claim of Exemption be, and the same is hereby, granted. It is further

ORDERED, ADJUDGED AND DE-CREED that Objection be, and the same is hereby, sustained. The 457 Plan is subject to administration by the Trustee. The Debtor is hereby directed to turn over said funds held in the 457 Plan as of the date of the commencement of this case to the Trustee within 20 days from the date of the entry of this Order. It is further

ORDERED, ADJUDGED AND DE-CREED that this Court shall schedule for pre-trial conference the balance of the Amended Objection of the Trustee on March 13, 2003, beginning at 9:15 am at the United States Bankruptcy Courthouse, Fort Myers, Federal Building and Federal Courthouse, Room 4–117, Courtroom D, 2110 First Street, Fort Myers, Florida.