**In re Sarah E. BAKER, Debtor.**

**No. 9:08–bk–11158–ALP.**

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

Jan. 29, 2009.

Holly Bower, Phoenix Law PA, Fort Myers, FL, for Debtor.

## ORDER ON TRUSTEE'S OBJECTION TO DEBTOR'S CLAIM OF EXEMPTION

ALEXANDER L. PASKAY,
Bankruptcy Judge.

THE MATTER before this Court is an Objection filed by the Chapter 7 Trustee to the claims of exemption filed by Sarah E. Baker (the Debtor), who is seeking relief under Chapter 7 of the Bankruptcy Code (Code). Although the Debtor claimed several items as exempt on her Schedule C, the only item in dispute relates to the Debtor's claim of exemption with respect to her interest in a Keogh plan. The Debtor's claim of exemption in her Fidelity Investment—Keogh plan is based on Section 222.21(2)(a)(1) of the Florida Statutes. It is the Debtor's contention that a close reading of the section that she relies upon, leaves no doubt that the literal reading of Fla. Stat. § 222.21(2)(a)(1) permits but one conclusion, that is, that the Keogh plan under consideration is exempt pursuant to Section 222.21(2)(a)(1) of the Fla. Stat.

Section 222.21(2)(a)(1) of the Fla. Stat., provides in pertinent part:

**222.21 Exemption of pension money and certain tax-exempt funds or accounts from legal processes**

. . .

(2)(a) . . . any money or other assets payable to an owner, a participant, or a beneficiary from, or any interest of any owner, participant, or beneficiary in, a fund or account is exempt from all claims of creditors of the owner, beneficiary or participant if the fund or account is:

1. Maintained in accordance with a master plan, volume submitter plan, prototype plan, or any other plan or governing instrument that has been preapproved by the Internal Revenue Service as exempt from taxation under s. 401(a), s. 403(a), s. 403(b), s. 408, s. 408A, s. 409, s. 414, s. 457(b), or s. 501(a) of the Internal Revenue Code of 1986, as amended, unless it has been subsequently determined that the plan or governing instrument is not exempt from taxation in a proceeding that has become final and nonappealable;

Fla. Stat. § 222.21(2)(a)(1).

In addition to the foregoing, the Debtor contends that Section 222.21(2)(a)(1) of the Fla. Stat., specifically exempts retirement plans "that have been preapproved by the Internal Revenue Service as exempt from taxation" pursuant to Section 401(a) of the Internal Revenue Code.

Section 401(a) of the Internal Revenue Code, provides in pertinent part:

**§ 401. Qualified pension, profit-sharing, and stock bonus plans**

**(a) Requirements for qualification**

A trust created or organized in the United States and forming part of a stock bonus, pension, or profit-sharing plan of an employer for the exclusive benefit of his employees or their beneficiaries shall constitute a qualified trust under this section—

. . .

**(c) Definitions and rules relating to self-employed individuals and owner-employees.**—For purposes of this section—

**(1) Self-employed individual treated as employee.**

**(A) In general.**—The term "employee" includes, for any taxable year, an individual who is a self-employed individual for such taxable year.

**(B) Self-employed individual**—The term "self-employed individual" means, with respect to any taxable year, an individual who has earned income (as defined in paragraph (2)) for such taxable year. To the extent provided in regulations prescribed by the Secretary, such term also includes, for any taxable year—

**(i)** an individual who would be a self-employed individual within the meaning of the preceding sentence but for the fact that the trade or business carried on by such individual did not have net profits for the taxable year, and

**(ii)** an individual who has been a self-employed individual within the meaning of the preceding sentence for any prior taxable year.

26 U.S.C. §§ 401(a), 401(c).

The Debtor contends that the Keogh plan is a cash or deferred arrangement "Prototype Standardized Profit Sharing Plan," that received various letters from the Department of the Treasury, Internal Revenue Service indicating that, "the amendments to the form of the plan . . . does not in and of itself adversely affect the plan's acceptability under section 401 of the Internal Revenue Code."

In support of the Debtor's claim of exemption, the Debtor has provided this Court with four letters from the Department of the Treasury, Internal Revenue Service. However, the Debtor's Keogh plan appears to be a profit sharing plan in which the Debtor is the only participant. Therefore, the issue of whether or not a self-employed person would qualify to be a participant is answered in the affirmative provided that he or she is not the only participant who shares in the benefits and the protection of the Keogh plan.

The issue was considered by the Supreme Court in the case of *In re Yates*, 541 U.S. 1, 124 S.Ct. 1330, 158 L.Ed.2d 40 (2004). The question presented to the court was whether the working owner of a business qualified as a "participant" in an ERISA pension plan sponsored by his corporation. The Supreme Court, Justice Gensburg, held "[i]f the plan covers one or more employees other than the business owner and his or her spouse, the working owner could participate on equal terms with other participants". *Id.* at 6, 124 S.Ct. 1330. The court rejected the position taken by the lower courts, "that a business owner may rank only as an "employer" and not also as an "employee" for purposes of ERISA-sheltered plan participation." *Id.*

In the case of *In re Banderas*, 236 B.R. 837 (Bankr.M.D.Fla.1998), this Court considered the debtor's claim of exemption in his interest in a profit-sharing plan. The Court noted that "[t]he purpose of establishing requirements to qualify profit sharing plans for a tax exemption is to insure that profit sharing plans are operated for the welfare of *employees* in general." (citing *McClintock–Trunkey Co. v. C.I.R.*, 217 F.2d 329 (9th Cir.1954). *Id.* at 841 (emphasis added).

Section 401(a) of The Internal Revenue Code of 1986, as amended, provides the requirements for qualification: "a trust created ... for the exclusive benefit of his *employees* ... shall constitute a qualified trust under this section," so long as it meets the requirements outlined in Subsection 401(a) (emphasis added).

In the case of *In re Sutton*, 272 B.R. 802 (Bankr.M.D.Fla.2002), this Court held that the "debtor's interest in his Keogh plan was not exempt under Florida exemption statute permitting individual debtors to exempt, in addition to other exemptions allowed under state law, any property listed in specified subsection of the Bankruptcy Code." *Id.* at 807. In *Sutton* this Court held that the debtor was the sole owner and operator of a real estate firm and the Keogh plan did not qualify under the applicable provisions of the Internal Revenue Code.

In the case *Hebert v. Fliegel*, 813 F.2d 999 (9th Cir.1987), a self-employed physician claimed exemption in his Keogh plan pursuant to Oregon statute. The court held that the qualified Keogh plan of a self-employed physician was not exempt from creditors' claims under Oregon Law since the state exemption does not apply to pensions created by an individual for his or her own benefit.

This Court is not unmindful of the decision by the Bankruptcy Court in the Southern District of Florida in the case of *In re Suarez*, 127 B.R. 73(Bankr.S.D.Fla.1991). The court in Suarez considered the debtors claimed exemptions in an IRA retirement accounts and Keogh accounts and held that: 1) the ERISA did not conflict with Florida statutes; 2) ERISA qualified as "other federal law" that would support exemption of funds in Keogh account from a bankruptcy estate, although Florida opted-out of the federal exemptions; and 3) the application of Florida statutes providing exemptions from creditors' claims was not unconstitu-

tional as a result of ex-post facto, retroactive impairment with the debtor's contract with the lender. Unlike the question presented to this Court, the matter in *Suarez*, not only dealt with Fla. Stat. § 222.21, but also dealt with the issue of the debtors amending their petition to claim the I.R.A. and Keogh accounts exempt under Fla. Stat. § 222.201, which makes the property exempt pursuant to 11 U.S.C. § 522(d)(10)(E). In *Suarez* the debtor died on December 14, 1990, leaving debtor, Eladia F. Suarez, as the surviving spouse and beneficiary. Mrs. Suarez' sole source of support was her social security income and the funds which were being held in an IRA and Keogh accounts. The court considered the legislative history of the " 'fresh start' envisioned by Congress" and cited House Report 8200.

House Report 8200 provides in pertinent part:

> The historical purpose of ( ) exemption laws has been to protect a debtor from his creditors, to provide him with the basic necessities of life so that even if his creditors levy on all of his nonexempt property, the debtor will not be left destitute and a public charge. (This) purpose has not changed....

H.R.Rep. No. 595, 95th Cong., 1st Sess. 126 (1977) reprinted in 1978 U.S.Code Cong. & Ad.News, 5787, 5963, 6087.

Based on the foregoing, this Court is satisfied that the present issue presented to this Court is governed by the Section 222.21 of the Florida Statutes. The Court notes that Florida Legislatures did not contemplate exempt funds in a Keogh plan when the claimant is the sole shareholder and sole "participant" in the Keogh plan involved. Be that as it may, this Court is satisfied that the Objection of the Trustee should be sustained and the funds in the Keogh plan are property of the estate and subject to administration by the Trustee.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Trustee's Objection to Debtor's Claim of Exemption with respect to the Keogh plan (Doc. No. 12) be, and the same is hereby sustained. It is further

ORDERED, ADJUDGED AND DE-CREED that the Debtor, Sarah E. Baker, is directed to turnover to the Trustee the Keogh plan in the amount of $49,347.45 for administration by the Trustee.